## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

KAYOMI HARAI

*Plaintiff*,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
LISTED ON "SCHEDULE A",

*Defendants.*

No. 1:23 cv 03398 - LCJ

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S
## MOTION TO ENFORCE SETTLEMENT AGREEMENT

Defendant WINORAX ("Winorax" or "Defendant"), by and through undersigned counsel, respectfully requests that this Court deny Plaintiff's Motion to Enforcement Settlement Agreement, Dkt. 49, and allow Defendant to defend itself in this case.

### INTRODUCTION

This Court should decline to enforce Plaintiff's alleged "settlement agreement" because no agreement was ever signed, and Defendant's previous attorney was not authorized to make or accept binding offers on Defendant's behalf. Defendant believed that the "Notice of Settlement" that was filed in this case, Dkt. 45, was notifying this Court that the parties were engaging in settlement discussions and not that a final settlement agreement was executed. As the "settlement agreement" in this case was neither signed nor executed by Winorax, Plaintiff is attempting to enforce what was allegedly said on an informal phone call between counsel discussing the case. In Illinois, an oral agreement that purports to restrict Defendant's conduct for a lifetime duration is invalid under the statute of frauds. *See* IL ST CH 740 § 80/1; *Chiappe-Kay* v. *Barthel*, 2013 IL

1

App (2d) 120975-U. As no written agreement was signed or executed, no valid settlement agreement exists to enforce.

Further, this Court should decline to enforce the purported settlement agreement in the interests of justice given the extreme challenges that Schedule A Defendants face in attempting to defend themselves in these sealed, secretive cases. Defendant Winorax should be permitted to continue litigating this case or come to a fairly negotiated settlement agreement that reflects an actual meeting of the minds.

**FACTS**

On May 30, 2023, Plaintiff filed a Complaint against nearly 200 defendants, including Winorax, alleging that the defendants were all part of an illegal counterfeiting scheme working together to infringe on Plaintiff's newly registered copyrights. Dkt 1. Plaintiff's counsel followed its Complaint with the same *ex parte* Request for a Temporary Restraining Order filed in thousands of other cases in this District, warning this Court about the dangers of allowing the defendants to have access to their funds during the pendency of a copyright dispute. As defendants are unable to defend themselves in these *ex parte* motions, the Court granted Plaintiff's requests based on the information presented by the Plaintiff alone.

On October 4, 2023 Defendant filed an Answer *pro se* in an effort to meet and respect the Court's Answer deadline. Defendant Winorax is an individual living in Vietnam that supports her family by designing and selling novelty products online. Realizing how serious this matter was, Defendant later hired Attorney Vy Nguyen to assist in her defense. Attorney Nguyen is a California licensed attorney who does not regularly practice in Federal Court but was granted admission *pro hac vice* on October 19, 2023. Dkt. 44.

On October 27, 2023, counsel for Plaintiff and then-counsel for Defendant scheduled a phone call to discuss a potential resolution of the case. Defendant disputes Plaintiff's characterization of this phone call and denies that Defendant's attorney made a binding offer to settle this case. Defendant also contends that Attorney Nguyen was not authorized to make or accept any offer and rather was instructed to discuss whether settlement would even be possible in this case. After the call between counsel, Plaintiff's counsel sent Defendant's counsel a draft settlement agreement and request for a $9,000 payment. Dkt. 49, Exhibit 1. **Defendant's counsel did not respond** to this email, as Defendant's counsel was not authorized to accept any offer without Defendant's personal review of the proposed settlement agreement.

On November 8, 2023, Defendant's counsel responded to Plaintiff to confirm that the proposed settlement agreement was **not** acceptable to Defendant and Defendant would counter-offer $3,000 for the settlement payment. Dkt. 49, Exhibit 3. Importantly, Plaintiff has provided no evidence that Defendant agreed to the extensive terms of the proposed written settlement agreement. Plaintiff cannot provide that evidence because Defendant did not agree—Defendant refused to sign the agreement, refused to pay the requested payment, and continued to litigate this case by filing a Motion to Dissolve the Preliminary Injunction. Dkt 52. Defendant's actions show there was no meeting of the minds and neither party acted in furtherance of the agreement because the agreement did not exist. To avoid litigating the merits of this case, Plaintiff is now attempting to enforce an oral discussion which is unenforceable under Illinois law.

## LEGAL STANDARD

Settlement agreements are detailed contracts between the parties to a litigation wherein both parties agree to certain terms and conditions in order to resolve the dispute between them without further litigation. Like other contracts, the enforceability of a settlement agreement is

governed by local contract law. *Carr* v. *Runyan*, 89 F.3d 327, 331 (7th Cir. 1996). In Illinois, contracts of an indefinite duration must be in writing, and oral arguments purporting to bind the parties for a time of longer than one year are unenforceable under the statute of frauds. *See Church Yard Commons Ltd. P'ship* v. *Podmajersky, Inc.*, 76 N.E.3d 96, 103 (stating that state Supreme Court precedent interprets a lifetime contract to anticipate a relationship that is "certainly" longer than a year); *Chiappe-Kay* v. *Barthel,* 2013 IL App (2d) 120975-U (finding an oral agreement to transfer a lifetime license to purchase Chicago Bears season tickets was unenforceable under the statute of frauds); IL ST CH 740 § 80/1.

### ARGUMENT

No valid and enforceable settlement agreement exists between the parties. For a contract to be enforceable in Illinois, "the essential terms of the contract must be definite and certain," and the contract "must include a meeting of the minds or mutual assent as to the terms of the contract." *Quinlan* v. *Stouffee*, 355 Ill. App. 3d 830, 837-838 (2005). None of these elements have been met in this case. The parties did not agree on the terms of the proposed written settlement agreement as the contract was not negotiated and the Defendant declined to sign Plaintiff's proposed agreement.

To avoid the plain reading of the situation—that settlement negotiations broke down and Defendant did not accept Plaintiff's proposed agreement—Plaintiff asks this Court to enforce a phone call between counsel that only discussed a potential settlement payment and no other terms of the agreement. Such a discussion is not "definite and certain" and did not include a "meeting of the minds" or "mutual assent" to the terms of the contract. The terms of the contract, outside of the payment demanded by Plaintiff, were not discussed on the call. Only

when Defendant received a draft settlement agreement was Defendant made aware of the terms being requested by Plaintiff.

Plaintiff's motion argues that an oral agreement between counsel for Plaintiff and Defendant controls in this case. While Defendant disputes that an agreement was reached, in the alterative, any oral agreement purporting to bind Defendant indefinitely is unenforceable under Illinois law regarding the statute of frauds. The settlement proposed by Plaintiff required Defendant, its heirs, and its business successors and assigns, to all agree to not sell products that are substantially similar to Plaintiff's designs indefinitely—for a time far longer than one year. An agreement that purports to bind the parties for longer than one year must be in writing signed by the party to be bound. *See Church Yard Commons Ltd. P'ship* v. *Podmajersky, Inc.*, 76 N.E.3d 96, 103. The proposed settlement agreement in this case would require Defendant and its successors to cease offering its product for sale indefinitely—for a time far longer than one year. As such, no valid contract or agreement exists as the parties did not execute a written agreement.

### Winorax's Attorney was not Authorized to Make or Accept Binding Offers

Winorax's previous attorney practices law in the State of California. Attorney Nguyen was admitted *pro hac vice* in this Court, but the attorney is still governed by the rules governing the practice of law in California. In California, attorneys must be authorized by their client in writing to offer or accept binding settlement offers. *Levy* v. *Superior Ct.*, 896 P.2d 171, 175–76 (1995). Attorney Nguyen was not authorized in writing by Winorax to make or accept a settlement offer that included a payment of $9,000 to resolve this case. At all times, both Winorax and Attorney Nguyen believed that they were engaged in active settlement negotiations with the Plaintiff to come to an amount that would be acceptable for both parties. Winorax did not accept Plaintiff's offer of $9,000 but rather counter-offered $3,000 as is documented in Plaintiff's own submission.

**This Court should Decline to Enforce the Alleged Agreement in the Interests of Justice**

The interests of justice also support this Court declining to enforce the unsigned settlement agreement proposed by Plaintiff in this case. In this district, Schedule A cases begin with Plaintiffs filing a shotgun complaint making general allegations of intellectual property infringement against hundreds of unrelated sellers who are only identified under seal. This Court has described this phenomenon as a "cottage industry" of "cut-and-paste" litigation. *See Xped LLC* v. *The Entities Listed on Exhibit 1,* No. 21 cv 6237 (N.D. Ill. Sep. 6, 2023). In these cases, Plaintiffs then seek and usually obtain *ex parte* Temporary Restraining Orders that freeze *all of the assets* in the Defendants' accounts, unrelated to any actual proposed damages in the case at issue. Plaintiffs are again awarded the extraordinary relief of not having to individually serve the Defendants, or even confirm where they are located, but rather Plaintiffs send one mass email to the email addresses associated with Defendants' e-commerce accounts. To put it bluntly, the Plaintiffs are provided a fair deal of leeway that is not granted to litigants in ordinary business litigation cases because of the exaggerated dangers of "overseas counterfeiting." *See* Burstein, Sarah, The Counterfeit Sham (August 7, 2023), *available at* SSRN: https://ssrn.com/abstract=4549909 .

When Defendants appear, they should be given similar flexibility to ensure they have an adequate opportunity to defend themselves. The deck is already stacked against them: their funds are frozen so they cannot afford experienced counsel, they are unfamiliar with the US legal system, they are often individuals located in remote areas of the world, and they do not have the impressive machinery of the well-funded Plaintiff bar behind them. *See* Goldman, Eric, A SAD Scheme of Abusive Intellectual Property Litigation (November 20, 2023), 123 Columbia Law Review Forum 183 (2023), *available at* SSRN: https://ssrn.com/abstract=4381824.

In this case, Winorax filed an Answer *pro se* without the assistance of counsel in a diligent effort to meet the Answer deadline. Being completely unfamiliar with US law, Winorax then realized they needed help litigating the case and hired an attorney who sought to assist a *pro se* Defendant in need. Winorax and its former counsel believed they were negotiating in good faith with Plaintiff's counsel to come to a resolution. They did not expect an off-the-cuff phone conversation between attorneys to become the basis for a motion to enforce a proposed draft agreement that the Defendant refused to sign. This exact type of situation is what the statute of frauds is intended to prevent.

**CONCLUSION**

WHEREFORE, Defendant respectfully requests that this Court deny Plaintiff's Motion to Enforce the unsigned Settlement Agreement. A disputed oral discussion is simply insufficient under Illinois law to deny Winorax the opportunity to defend itself in this case. Plaintiff's interest in ending this litigation does not trump this Court's interest in fair and equitable proceedings that respect the rights of both parties to appear and have their day in Court. As the Defendant simply did not agree to Plaintiff's proposed settlement agreement, the Court should deny Plaintiff's Motion and allow the parties to continue litigating this case or come to a fairly negotiated settlement.

Dated: December 13, 2023            /s/ *Casey A. Hewitt*
       Littleton, New Hampshire        Casey A. Hewitt, NH Bar No. 273603
                                        casey@hewittpllc.com
                                        Hewitt Law PLLC
                                        41 Cottage St., Ste 2
                                        Littleton, NH 03561
                                        (603) 991-1876

                                        *Attorney for Defendant Winorax*